**UNITED STATES v. 60 CARTONS, MORE OR LESS, EACH CONTAINING A CIRCULAR ENTITLED, "REDUCE, RELAX, REJUVENATE," etc.**

Civ. A. No. 3962.

United States District Court
N. D. Texas, Dallas Division.

June 9, 1950.

Frank B. Potter, United States District Attorney, Fort Worth, Tex., O. Morris Harrell, Assistant United States District Attorney, Dallas, Tex., for complainants.

John N. Harris, Jr., Dallas, Tex., for intervenor.

ATWELL, Chief Judge.

This libel was filed on May 3rd, 1950, under the Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., while the articles were in possession of A. Harris & Company.

Libellants allege that they are intended for use in the diagnosis, cure, mitigation, treatment, or, prevention of disease in man and to affect the structure or function of the body, and are devices within the meaning of Sec. 321(h), Title 21 of the United States Code Annotated. That when and while in interstate commerce, were, and, are misbranded within the meaning of Sec. 352(a), Title 21 United States Code Annotated, in that, "their labeling, entitled, 'Reduce, Relax, Rejuvenate,' which accompanied the same, contain statements which represent and suggest that the articles are effective for spot reducing, rejuvenating, as a body conditioner, as a treatment for muscular soreness, poor circulation, con-

stipation, and insomnia. That such statements are false and misleading, since the articles are not effective for such purpose, nor are they an effective treatment for such conditions."

Friday, June 9th, 1950, today, was made the return date, and, upon order, attachment and writ of monition were issued.

On June 7th, 1950, the S & D Engineering Company, a corporation, under and by virtue of the laws of California, with its office and principal place of business in the County of Los Angeles, prayed for, and was granted, right to intervene, as the owner of the sixty cartons. Such leave was granted, and, thereafter, and before the filing of the answer, said intervenor filed a motion to remove said action to the central division for the southern district of California, at Los Angeles.

Notice of such motion has been given to the United States Attorney. Sec. 334(a), Title 21, U.S.C.A., Food and Drug Act.

The provision of the statute with reference to such removal is, among other things, " * * * such court * * * shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

No notice of a multiplicity of such libels having been filed, the case is ordered removed, and the clerk of this court shall promptly transmit to the court in which the case is to be tried, all records in the case necessary in order that such court shall exercise jurisdiction. Section 334(f) (1), Title 21 U.S.C.A.

This provision seems to be in the cause of justice, since it affords claimant an opportunity for a hearing at its place of business, or, near thereto, and from which the shipments were made. So far as the court has been able to discover, there are no adjudications which show what shall become of the seized articles in the meantime. The contraband, if it be such, is still being accommodatingly held where seized. Otherwise, the marshal would be paying storage on it. It should be where the California court can act upon it. It is as necessary as the papers which the clerk is ordered to transmit under the statute.

It is, therefore, ordered, that the United States Marshal forward the seized articles which have been held by A. Harris & Company, without cost, to the United States Marshal for the central division of the Southern District of California at Los Angeles, charges collect.

Such notice as the Act provides for, to be given by the interested parties.